UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-0259 (ABJ) |
| | ) | |
| FUNDS UP TO AND INCLUDING THE AMOUNT OF $56,634 IN U.S. CURRENCY ON DEPOSIT IN BANESCO INTERNATIONAL, PANAMA, ACCOUNT #201000274785, TITLED IN THE NAME OF INVERSIONS CEDENO C.A., AND/OR PROPERTY TRACEABLE THERETO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Pending before this Court is plaintiff United States of America's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) against defendant *in rem* Funds up to and Including the Amount of $177,784.47, in U.S. Currency on Deposit in HSBC Bank, Panama, Account #0100167908, Titled in the Name of Baguta Zona Libre S.H., and/or Property Traceable Thereto ("defendant bank account"). Pl.'s Mot. for Default J. ("Pl.'s Mot.") [Dkt # 37]. Plaintiff filed a verified complaint in the instant case, seeking civil forfeiture of several bank accounts pursuant to 18 U.S.C. §§ 981(a)(1)(A), 984. Compl. [Dkt. # 3]. Following the procedures set forth in the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") that govern *in rem* forfeitures, plaintiff provided direct notice to Baguta Zona Libre, S.A. ("Baguta"), the only known entity to have a

claim or legal interest in the defendant bank account.  *See* Pl.'s Apr. 19, 2013 Status Report at 2 [Dkt. # 20]; Pl.'s Mot. ¶ 4; *see also* Supplemental Rules G(4)(b).  Baguta responded and initially opposed the forfeiture action, but subsequently withdrew its claim to defendant bank account on July 31, 2013.  Unopposed Mot. to Withdraw Claim [Dkt. # 33]; Pl.'s Mot. ¶¶ 6–9.

Plaintiff also published notice of the forfeiture action on the government forfeiture website www.forfeiture.gov for thirty consecutive days, starting on April 20, 2013, satisfying the notice requirements set by Supplemental Rule G(4)(a).  Service by Publication [Dkt. # 26]; Pl.'s May 16, 2013 Status Report at 2 [Dkt. # 21]; *see also* Pl.'s Mot. ¶ 9; Supplemental Rule G(4)(a)(iv).  No additional party has come forward to claim an interest in defendant bank account, and the time for filing a claim has expired.  *See* Supplemental Rule (G)(5)(a)(ii).  Defendant bank account remains unclaimed and undefended.

Plaintiff moved for an entry of default against defendant bank account, which the clerk granted pursuant to Federal Rule of Civil Procedure 55(a) on August 29, 2013, *see* Clerk's Entry of Default [Dkt. # 36], and then requested that this Court enter default judgment.  After a default has been entered, a court may enter a default judgment order pursuant to Rule 55(b).  "The determination of whether default judgment is appropriate is committed to the discretion of the trial court."  *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008), citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980).  Upon entry of default by the clerk of the court, the "defaulting defendant is deemed to admit every well-pleaded allegation in the complaint."  *Int'l Painters & Allied Trades Indus. Pension Fund v. RW Amrine Drywall Co., Inc.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002) (internal citation omitted).  "Although the default establishes a defendant's liability, the court is required to make an independent determination of the sum to be awarded unless the amount of damages is

certain." *Id.*, citing *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001). Accordingly, when moving for a default judgment, the plaintiff must prove its entitlement to the amount of monetary damages requested. *Id.* "In ruling on such a motion, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Id.*, citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1981).

Here, plaintiff has shown that it is entitled to an entry of default judgment against defendant bank account and an order of forfeiture with respect to the funds and interest accrued in that account. Plaintiff's verified complaint establishes the facts necessary to support a civil forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A), 984, and plaintiff has demonstrated that it has satisfied all the procedural requirements set forth in the Supplemental Rules. No party has sought to claim or defend the sum contained in defendant bank account, and the time to file a verified claim has long since expired. As a result, the Court will grant plaintiff's motion for default judgment as to defendant *in rem* Funds up to and Including the Amount of $177,784.47, in U.S. Currency on Deposit in HSBC Bank, Panama, Account #0100167908, Titled in the Name of Baguta Zona Libre S.H., and/or Property Traceable Thereto, and it will order forfeiture of the sum contained within that account to plaintiff. A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: January 6, 2014