# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

```
_____
                                          )
UNITED STATES OF AMERICA,                 )
                                          )
                Plaintiff,                )
                                          )
        v.                                )      Civil Action No. 12-0259 (ABJ)
                                          )
FUNDS UP TO AND INCLUDING THE             )
AMOUNT OF $56,634 IN U.S.                  )
CURRENCY ON DEPOSIT IN                    )
BANESCO INTERNATIONAL,                    )
PANAMA, ACCOUNT #201000274785,            )
TITLED IN THE NAME OF                     )
INVERSIONES CEDENO C.A., AND/OR           )
PROPERTY TRACEABLE                        )
THERETO, et al.,                          )
                                          )
                Defendants.               )
_____)
```

## MEMORANDUM OPINION

Pending before this Court is plaintiff United States of America's motion for partial default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) against defendants *in rem* (1) Funds Up to and Including the Amount of $113,676 in U.S. Currency on Deposit in Credicorp Bank, Panama, Account #4010188813, Titled in the Name of Rodolfo Raschid Velazco Kassen, and/or Property Traceable Thereto; and (2) Funds Up to and Including the Amount of $38,000 in U.S. Currency on Deposit in Banesco S.A., Panama, Account #120000046868, Titled in the Name of Labegar Investment, Inc., and/or Property Traceable Thereto (collectively, "defendant bank accounts").  Pl.'s Mot. for Partial Default J. and Order of Forfeiture [Dkt. # 45] ("Pl.'s Mot.").

Plaintiff filed a verified complaint in the instant case, seeking civil forfeiture of several bank accounts pursuant to 18 U.S.C. §§ 981(a)(1)(A), 984.  Compl. [Dkt. # 3].  Following the

procedures for notice by publication set forth in the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") that govern *in rem* forfeitures, plaintiff published notice of this civil forfeiture action on the government forfeiture website, www.forfeiture.gov, for thirty consecutive days starting on November 7, 2014. Supplemental Rule G(4)(a); Decl. of Publication [Dkt. # 42]; Pl.'s Supp. Status Report (Nov. 7, 2014) [Dkt. # 41] at 1; *see also* Pl.'s Mot. ¶ 6.

Plaintiff also undertook efforts to send direct notice, as required by Supplemental Rule G(4)(b)(iii)(A), to Rodolfo Raschid Velazco Kassen and Labegar Investment, Inc. – the only persons or entities known to the government to have any claim or legal interest in the defendant bank accounts – by asking Panama to restrain the funds in the defendant bank accounts and requesting from Panama the account holder information for the bank accounts.  Pl.'s Mot. ¶¶ 7–10.  Panama did restrain the funds almost two years ago, but it did not provide plaintiff with any contact information for the account holders.  *Id.* ¶¶ 8, 10.  Plaintiff again requested contact information for the account holders in June 2013, but it has received no response from Panama.  *Id.* ¶ 8.  No person or entity has filed a claim to the defendant bank accounts within the time period permitted by the Supplemental Rules, and the time for filing a claim has expired.  *See* Supplemental Rule G(5)(a)(ii).   The defendant bank accounts remain unclaimed and undefended.

Plaintiff moved for an entry of default against the defendant bank accounts, which the Clerk of Court granted pursuant to Federal Rule of Civil Procedure 55(a) on January 21, 2015, *see* Clerk's Entry of Default [Dkt. # 44], and plaintiff then moved this Court to enter a default judgment.  Pl.'s Mot.  After a default has been entered, a court may enter a default judgment order pursuant to Rule 55(b)(2).  "The determination of whether default judgment is appropriate

is committed to the discretion of the trial court." *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008), citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980).   Upon entry of default by the clerk of the court, the "defaulting defendant is deemed to admit every well-pleaded allegation in the complaint." *Int'l Painters & Allied Trades Indus. Pension Fund v. RW Amrine Drywall Co., Inc.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002) (citation omitted).   "Although the default establishes a defendant's liability, the court is required to make an independent determination of the sum to be awarded unless the amount of damages is certain." *Id.* (citations omitted).   Accordingly, when moving for a default judgment, the plaintiff must prove its entitlement to the amount of monetary damages requested.  *Id.* (citation omitted).   "In ruling on such a motion, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Id.* (citation omitted).

Here, plaintiff has shown that it is entitled to an entry of default judgment against the defendant bank accounts and an order of forfeiture with respect to the funds and interest accrued in those accounts.  Plaintiff's verified complaint establishes the facts necessary to support a civil forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A), 984, and plaintiff has demonstrated that it has satisfied all the procedural requirements set forth in the Supplemental Rules.   It is true that plaintiff was not able to provide direct notice to Kassen and Labegar Investment.  Pl.'s Mot. ¶ 7. However, plaintiff undertook efforts to provide notice of the civil forfeiture action "by means reasonably calculated to reach the potential claimant[s]," as required by Supplemental Rule G(4)(b)(iii)(A), by having Panama restrain the accounts, attempting to obtain the account holders' contact information, and posting public notice of the forfeiture action on the government forfeiture website.  *Id.* ¶¶ 6–10.  The Court finds that these efforts to notify Kassen and Labegar

Investment of the civil forfeiture action constituted notice "sent by means reasonably calculated to reach the potential claimant[s]," as required by Supplemental Rule G(4)(b)(iii).  *Cf. Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 n.4 (1983) (noting that a government entity is not required "to undertake extraordinary efforts to discover the identity and whereabouts of a [property owner] whose identity is not in the public record").

No party has sought to claim or defend the sum contained in the defendant bank accounts, and the time to file a verified claim has expired.  *See* Supplemental Rule G(5)(a)(ii).  As a result, the Court will grant plaintiff's motion for default judgment as to defendants *in rem* (1) Funds Up to and Including the Amount of $113,676 in U.S. Currency on Deposit in Credicorp Bank, Panama, Account #4010188813, Titled in the Name of Rodolfo Raschid Velazco Kassen, and/or Property Traceable Thereto; and (2) Funds Up to and Including the Amount of $38,000 in U.S. Currency on Deposit in Banesco S.A., Panama, Account #120000046868, Titled in the Name of Labegar Investment, Inc., and/or Property Traceable Thereto, and it will order forfeiture of the sum contained within those accounts to plaintiff.  A separate order will issue.

Amy B Jackson

AMY BERMAN JACKSON
United States District Judge

DATE:  February 4, 2015